# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

## v.

## Curtis E. HEGEL

## Telecommunications Specialist Third Class, U.S. Coast Guard

## CGCMS 24130

## Docket No. 1082

## 16 March 2000

Special Court-Martial convened by Commanding Officer, U. S. Coast Guard Integrated Support Command Seattle. Tried at Seattle, Washington, on 20-21 August 1996.

Military Judge: CDR Robin K. Kutz, USCG

Trial Counsel: LTJG Derek A. D Orazio, USCGR

Assistant Trial Counsel LT Benes Z. Aldana, USCGR

Detailed Defense Counsel LT Charles D. Swift, JAGC, USNR

Appellate Defense Counsel: LT Richard R. Beyer, USCGR

Appellate Defense Counsel: LT Sandra K. Selman, USCGR

Appellate Government Counsel: LT William G. Rospars, USCG

### BEFORE
### PANEL TWO

### BAUM, KANTOR AND McCLELLAND*

Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by a special court-martial before a military judge alone. Pursuant to pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of the following offenses: two specifications of larceny of money from CityBank Visa, a private, independently owned, community based bank in King and Snohomish counties, Washington, (R. 256), in violation of Article 121 of the Uniform Code of Military Justice (UCMJ); three specifications of forgery of credit card sales slips in violation of Article 123, UCMJ; and one specification of obtaining services under false pretenses, one specification of false swearing, and two specifications of stealing mail matter, in violation of Article 134, UCMJ. The judge sentenced Appellant to a bad conduct discharge, confinement for 120 days, reduction to pay grade E-1, and a fine of $500.00. In accordance with the pretrial agreement, the convening authority changed the adjudged fine of $500.00 to forfeiture of $250.00 per month for two months, approved the sentence as changed, and suspended confinement in excess of 60 days for a period of 12 months from the date sentence was adjudged. The convening authority also dismissed with prejudice eight specifications that had been withdrawn pursuant to the pretrial agreement after Appellant had pled not guilty to them. Included among those dismissed offenses were specifications alleging larceny of jewelry and food obtained through use of a CityBank Visa card, the payment of which by CityBank underlay the larceny of money offenses to which Appellant pled guilty.

Before this Court, Appellant initially assigned two errors: (1) that he was prejudiced by the unlawful e*x post facto* application of forfeitures under Article 58b, UCMJ, and (2) that the civilian judicial appointment to this Court violated the Appointments Clause of the U.S. Constitution. Assignment (2) has been resolved by the U.S. Supreme Court contrary to Appellant s position, *Edmond v. United States*, 520 U.S. 651, 117 S.Ct. 1573, L.Ed.2d 917 (1997), and is rejected for that reason. Assignment (1) is controlled by *U.S. v. Gorski*, 47 M.J. 370 (1997), which held that the automatic forfeiture provisions of Article 58b, UCMJ, violate the U.S. Constitution s prohibition against *ex post facto* laws, when applied to an accused whose offenses preceded the effective date of the Article. That decision also held that, under such circumstances, the execution under Article 57(a)(1), UCMJ, of a reduction in grade prior to the date of the convening authority s action violates the same prohibition. Accordingly, Appellant s assignment (1) is deemed to have merit and corrective action will be taken. After the two assigned errors had been briefed, the Court ordered additional briefing of issues relating to the providence of Appellant s guilty pleas to the larceny offenses. In his response brief, Appellant asserts that his answers during the plea-providence inquiry do not support guilt of the two larcenies from CityBank Visa, and, consequently, he contends that those two findings of guilty may not be affirmed.

The facts, as developed in the plea inquiry, establish that Appellant had stolen another Coast Guardsman s mail containing a Visa card for that individual from CityBank. Later, when Appellant s ship made port at Curacao, Netherlands Antilles, Appellant used the card to purchase food and jewelry, forging the other person s name on the card sales slips. The resulting court-martial charges included the

subsequently withdrawn larcenies of food and jewelry, along with the specifications alleging larceny of funds from CityBank to which the Appellant pled guilty. When questioned by the military judge concerning the guilty pleas to larceny of those funds, Appellant responded that at the time he made his purchases, he intended to pay the Visa bill in full when due, but that he had not made those payments. Based on these answers, Appellant argues that he did not have the requisite intent to permanently deprive CityBank of money, which the larceny offense mandates.

These facts and the law that applies to them contrast with those in *U.S. v. Woodson*, _M.J._ (C.G.Ct. Crim.App. 4 February 2000), where the accused pled guilty to larceny of merchandise that he had purchased on credit in the name of another, whose identity he had stolen. In that case, as here, the accused stated during his guilty plea inquiry that he intended to ultimately pay for that merchandise. Citing provisions from ¶ 46 of the Manual for Courts Martial (1998) (MCM), which have not changed since the MCM (1984), this Court held that that larceny of such merchandise was completed upon the obtaining of the property with the intent to keep it permanently, notwithstanding the accused s intent to pay for the items. Indeed, ¶46.c.(1)(f)(iii)(B), MCM (1998) states: " An intent to pay for or replace the stolen property is not a defense, even if that intent existed at the time of the theft." That provision goes on to say: "If, however, the accused takes money or a negotiable instrument having no special value above its face value, with the intent to return an equivalent amount of money, the offense of larceny is not committed although wrongful appropriation may be."

Based on this provision of the MCM, it seems clear from Appellant s stated intent to pay the Visa bill when due that his pleas of guilty to larceny of funds of a value of $230 and $68.50, the property of CityBank VISA, were improvident. The Government, however, citing *U.S. v. Epps*, 25 M.J. 319, 323 (CMA 1987), contends that we may treat Appellant s pleas as provident because his sworn answers to the judge establish his guilt of different but closely-related offenses having the same maximum punishment, namely, larceny of food and jewelry from the respective merchants. Indeed, in *U.S. v. Franchino*, 48 M.J. 875 (C.G.Ct.Crim.App. 1998), we affirmed findings of guilty of the closely related offenses of larceny of merchandise by unauthorized use of a Government credit card, when the plea-providence inquiry failed to establish essential facts in support of the charged larceny of Government money. We, nevertheless, must reject the Government s contention here based on the fact that Appellant pled not guilty to those different offenses and they have been dismissed with prejudice. Since jeopardy had attached and trial was completed before the larceny-of-merchandise offenses were dismissed with prejudice, the facts here are distinguished from those in *Serfass v. United States*, 420 U.S. 377 (1973), where charges were dismissed prior to commencement of proceedings before a trier of fact. Under those circumstances, the Supreme Court stated that, " jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy." Id at 420 U.S. 391, 392. Given the different facts confronting this Court, we believe a substitution of the charges of larceny of merchandise for larceny of money at this point would violate the Constitutional prohibition against double jeopardy.

The Government, in conjunction with the foregoing argument, has posited that "[w]hen a person presents a credit card to a particular merchant to  pay  for goods, the person is creating a series of debtor-creditor relationships." (Gov. Ans. to Supp. Brief at 4). Applying the concept from *U.S. v. Mervine,,* 26

M.J. 482, 485 (CMA 1988) that a debt, or its amount, is not the proper subject of larceny under Article 121, UCMJ, the Government submits that "[t]hough the *Mervine* case dealt with a fraudulent attempt to extinguish a debt, that legal principle and the reasoning behind it may support the notion that the debt created by a credit card transaction of the type in this case is not the proper subject of a larceny charge." (Gov. Ans. to Supp. Brief at 4). Appellant responds that the money alleged in this case is not like the deferred payment plan account receivable in *U.S. v. Mervine,* supra, nor is it even a credit card transaction. Instead, according to Appellant, it was a debit card transaction, based on testimony at sentencing from a CityBank employee, who stated that payment for Appellant s purchases was made to the merchants from the bank account of the individual to whom the Visa card was issued, but that the bank restored those funds and bore the loss when it discovered that the individual had never agreed to debiting from his account. In any event, the money alleged to have been stolen in this case was not a debt within the meaning of *Mervine*, according to Appellant, and we agree.

Neither Appellant nor the Government cites any cases that stand directly for the proposition that larceny of money from the issuer of a credit card is a proper offense under Article 121, UCMJ, when either a credit or debit card is used improperly to make purchases, as it was here. We, too, have been unable find cases dealing with this precise point. In *U.S. v. Franchino,* supra, we accepted, without question, the principle that larceny of money from the Government was an appropriate charge when a Government credit card was used without authority to purchase merchandise for personal purposes, if the Government was forced to pay for those purchases. Furthermore, *U.S. v. Smith,* 50 M.J. 380 (1999), also rests on the assumption that larceny of money from the issuer of a credit card pertains when the card is illegally obtained and used to make purchases. In that case, the Court affirmed a conviction of attempted larceny of money from a bank based on the actions of the accused and a cohort in wrongfully applying for a credit card under the name and social security number of an unknowing member of the accused s unit, with the intent to make purchases with the unauthorized credit card. If an attempt of such a larceny is valid, it follows that the larceny itself of money, as we have here, is a proper charge. As already indicated, however, a stated intent to repay that money is in conflict with the intent needed to establish larceny. Such an intent will support the lesser included offense of wrongful appropriation.

In light of the foregoing, only so much of the findings of guilty of specifications 6 and 7 of Charge I as finds Appellant guilty of the lesser included offenses of wrongful appropriation of $230 and $68.50, the property of CityBank Visa, are affirmed. The remaining findings of guilty are also affirmed. We are satisfied that the court below would not have imposed a lesser sentence if the erroneous findings of guilty had not been made. Furthermore, upon reassessment of the sentence in light of the reduced findings, we are convinced that the sentence should be approved. Accordingly, the sentence, as approved and partially suspended below, is affirmed. Any reduction to E-1 prior to the convening authority s action pursuant to Article 57(a)(1), UCMJ, and any forfeitures collected pursuant to Article 58b, UCMJ, constitute a violation of the prohibition against *ex post facto* laws, *U.S. v. Gorski, supra*, and will be restored.

Judge KANTOR concurs.

For the Court,

//s//

James P. Magner
Clerk of the Court